**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ACTIVISION TV, INC.,

*Plaintiff,*

v.

OMNI HOTELS MANAGEMENT CORPORATION,

*Defendant.*

Civil Action No. ______________

**JURY TRIAL DEMANDED**

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Activision TV, Inc. ("Plaintiff"), by way of this Complaint against Defendant Omni Hotels Management Corporation ("Defendant"), hereby alleges as follows:

**THE PARTIES**

1. Plaintiff Activision is a corporation organized under the laws of Delaware with a principal place of business at 5400 Yahl Street, Suite D, Naples, Florida 34109.

2. On information and belief, Defendant is a corporation organized under the laws of Delaware with a principal place of business at 420 Decker Drive, Irving, Texas 75062.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C § 271 *et seq*.

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant at least because Defendant is a corporation organized under the laws of Delaware and has thereby purposefully availed itself of the benefits and protections of the laws of the State of Delaware..

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1400(b) and 1391.

**INFRINGEMENT OF U.S. PATENT NOS. 7,369,058 AND 8,330,613**

7. Plaintiff re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 6.

8. On May 6, 2008, United States Patent No. 7,369,058 ("the '058 Patent"), titled "REMOTE CONTROL ELECTRONIC DISPLAY SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '058 Patent is attached as Exhibit A to this Complaint.

9. On December 11, 2012, United States Patent No. 8,330,613 ("the '613 Patent," or, collectively with the '058 Patent, the "Activision Patents"), titled "REMOTE CONTROL ELECTRONIC DISPLAY SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '613 Patent is attached as Exhibit B to this Complaint.

10. Plaintiff is the assignee and owner of all right, title, and interest in and to the Activision Patents, and has the right to assert causes of action arising under the Activision Patents and the right to any remedies for infringement thereof.

11. On information and belief, Defendant operates and manages the Omni Dallas Hotel located at 555 S. Lamar, Dallas, Texas 75202.

12. Defendant is and has been directly infringing one or more claims of each of the Activision Patents in the United States at least by using remotely controlled digital signage at the Omni Dallas Hotel in violation of 35 U.S.C. § 271.

13. Because of Defendant's infringement of the Activision Patents, Plaintiff has suffered damages and will continue to suffer damages in the future.

14. Plaintiff has suffered irreparable injury due to the acts of infringement by Defendant and will continue to suffer irreparable injury unless Defendant's infringing activities are enjoined.

15. Defendant has had notice of its infringement of the Activision Patents at least since July 2, 2013, when Defendant was notified of its infringement in a letter sent by certified mail.

16. On information and belief, Defendant has continued to infringe despite its knowledge of the Activision Patents and Plaintiff's notice of infringement.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment for itself and against Defendant as follows:

A. An adjudication that Defendant has infringed the Activision Patents;

B. Permanently enjoining and restraining Defendant, its agents, affiliates, subsidiaries, servants, employees, officers, directors, attorneys, and those persons in active concert with or controlled by Defendant from further infringing the Activision Patents;

C. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement of the Activision Patents and any continuing or future infringement of the Activision Patents through the date such judgment is entered, together with pre-judgment and post-judgment interest, costs, and expenses as justified under 35 U.S.C. § 284;

D. To the extent that Defendant's conduct with respect to the Activision Patents is found to be objectively reckless, enhanced damages pursuant to 35 U.S.C. § 284 for willful infringement of the Activision Patents;

E. An accounting of all infringing acts including, but not limited to, those acts not presented at trial and an award for Plaintiff's damages for any such acts;

F. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

G. Such other and further relief at law or in equity as the Court deems just and proper.

Dated: August 7, 2013

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*

Richard C. Weinblatt #5080
weinblatt@swdelaw.com
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

***Attorneys for Plaintiff***
***ACTIVISION TV, INC.***